JOSÉ GONZÁLEZ REYES, Plaintiff and Appellee, *v.* GONZALO GONZÁLEZ SEGARRA, Defendant and Appellant.

No. 10817. Argued February 1, 1954.—Decided February 16, 1954.

*Guillermo Bauzá* for appellant. *Joaquín Gallart Mendía* and *Guillermo Estrella Frasqueri* for appellee.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

On December 27, 1951, José González Reyes filed a complaint in the former District Court of Puerto Rico, Aguadilla Section, claiming from the respondent, Gonzalo González Segarra, certain amounts due on account of differences in wages, extra hours and days of rest under the provisions of Acts No. 49 of August 7, 1935 (Spec. Sess. Laws, p. 538), No. 289 of April 9, 1946 (Sess. Laws, p. 682) and No. 379 of May 15, 1948 (Sess. Laws, p. 1254). Respondent answered, and on the day set for trial he appeared with his witnesses, all of whom were duly sworn, and represented by his attorneys of record, Luis Alfredo Colón and Miguel Velázquez Rivera. After petitioner introduced his evidence, respondent presented certain documentary and oral evidence, consisting of his own testimony and that of witness Tito Vélez. After the latter testified, one of respondent's attorneys informed the court that he waived the other witnesses who had been brought, sworn and submitted to the rules of the court, because their testimony would constitute cumulative evidence; that he would place them at the disposition of the other party and that that was his case.

On the basis of the evidence introduced by both parties the District Court rendered judgment on June 24, 1952 sustaining the complaint and ordering respondent to pay to petitioner the total sum of $1,079.90. The judgment was

notified to the parties on the next day. Feeling aggrieved, respondent appealed to this Court on July 9, 1952, the notice of appeal being signed by one of his attorneys of record. While the appeal was pending, the respondent filed in the trial court a motion entitled "Motion for Reconsideration of Judgment and Substitution of Attorney," signed by Lic. Guillermo Bauzá, who was not among the attorneys of record of the respondent. In this motion he prayed for the reconsideration of judgment, invoking Rule 60 (*b*) of the Rules of Civil Procedure, among other grounds, because (*a*) the formula used by the trial court to determine the wages that petitioner received per hour during the period covered by Act No. 49, 1935, was incorrect, and (*b*) because of excusable neglect the respondent failed to present the testimony of the sworn witnesses Ramón González Jiménez, Silvestre Segarra and Félix Crespo. The trial court declared itself without jurisdiction to entertain the motion since the appeal taken by the respondent from the judgment whose reconsideration he sought was still pending. Respondent then filed a motion in this Court requesting the withdrawal of his appeal for all legal purposes and we so provided by an order of October 30, 1952.

Subsequently, the respondent appeared in writing before the trial court praying that his "Motion for Reconsideration of Judgment and Substitution of Attorney" [1] be decided.

After a hearing, in which the parties argued the motion for reconsideration, the trial court dismissed it in all its parts by an order of February 25, 1953. Respondent again appealed to this Court from the original judgment as well as from the order dismissing the motion for reconsideration.

On motion of the petitioner we dismissed the appeal from the judgment, but we refused to dismiss the appeal from the order of February 25, 1953, which is now before us.

---

[1] We regard this as a motion presented under Rule 60 (*b*) of the Rules of Civil Procedure and not as a motion for reconsideration of judgment.

The respondent-appellant assigns as sole error the following:

"The lower court erred in failing to apply to the facts herein the rules of equity of Rule 60 (b) of the Rules of Civil Procedure for the Courts of Puerto Rico."

The error assigned is frivolous. The trial court acted correctly in deciding that there was no excusable neglect which might serve as a basis for setting aside its judgment in the fact that respondent-appellant did not call to the witness stand three of his witnesses, who had submitted to the rules of the Court and whose testimony constituted cumulative evidence. His attorneys of record waived the testimony of those witnesses in the presence of the respondent and that action binds him. *Ex parte Morales*, 30 P.R.R. 848; *Cancela* v. *Pellot*, 34 P.R.R. 638; *Gallardo* v. *Rodríguez*, 42 P.R.R. 890; *Delgado* v. *District Court*, 36 P.R.R. 6; *Sierra* v. *P. Longo & Co.*, 45 P.R.R. 783; *Miguel* v. *Hernáiz Targa & Co.*, 51 P.R.R. 585; *People* v. *Ruiz*, 57 P.R.R. 875; *People* v. *Rodríguez*, 57 P.R.R. 878. A party will not be relieved against the fault or negligence of his attorney, unless it is an extreme case where a clear failure of justice would otherwise result. 5 Am. Jur. § 78, p. 305. In this case, however, counsel for the respondent were not negligent. They followed the common practice of waiving some of the testimony because it constituted cumulative evidence. It has not been shown that it was not such, or that it would have changed or altered the result of the suit, or at least that there is a great probability that it might have been so.

As to the error of computation alleged by appellant, the appellee states the following in his brief:

"Another point which appellant stresses and on which he bases his motion for reversal of the order appealed from, is that, according to said appellant, the lower court erred in computing the amount of the extra hours under the provisions of Act No. 49 of August 7, 1935, alleging that his weekly wage

of $10 should have been divided by the total amount of hours worked. Appellant is altogether mistaken, since the claim for extra hours, as revealed by paragraph 4 of the findings of fact on which the lower court based its judgment, embraces the period from April 25, 1947 until May 15, 1948, because on this latter date, Act No. 49, of 1935 concerning extra hours was repealed. Prior to April 25, 1947, from which date the wages are claimed, Act No. 289 of April 9, 1946 was already in force and it provided the payment at double rate for work done on the seventh day, that is, on the day of rest. Since defendant-appellee also claimed in the complaint compensation for days of rest, which fact also appears in the fifth paragraph of the findings of the lower court, the computation for calculating the ninth hours could not be made on the basis of seven working days but of six; for otherwise, the claim made would then include two different items, for work done on the seventh day, that is, one for the alleged ninth hour and another for the alleged days of rest, and the extra hours worked on the days of rest, as a matter of fact, are included in the claim for those days of rest."

We agree with the appellee. The error of computation assigned was not committed. *Cf. Ayala* v. *District Court*, 71 P.R.R. 222.

The order appealed from will be affirmed.